SIMON HANDLEY *versus* JOEL HOWE, JR.

The time when a mortgage of personal estate was received by the town clerk, must be noted both " in the book" of records " and on the mortgage," in order that it should " be considered as recorded, when left, as aforesaid, with the clerk," under the provisions of Rev. St. c. 125, § 32 and 33.

REPLEVIN for ten tons of hay, valued at one hundred dollars. The defendant, in a brief statement, justified the taking as an officer, alleging that the hay was the property of W. P. Harrington, and that he attached it as such, on a writ in favor of Moses Call. The plaintiff claimed the hay by virtue of a mortgage bill of sale from Harrington to him, dated July 23, 1841, prior to the attachment, to secure the payment of the sum of one hundred dollars.

At the trial before TENNEY J. the plaintiff called Isaac Chapman, who testified that he witnessed the execution of the bill of sale; that he was town clerk of the town where the hay was; that the plaintiff was not present, nor any other person than himself and Harrington; that after signing it, Harrington handed the mortgage bill of sale to him, that he might record it as town clerk; that he made an indorsement on the back of the mortgage at that time as follows. "July 23, 1841. En-

tered for town records;" that he put the bill of sale into a book containing town records, a few of the last pages being appropriated for the recording of mortgages; that he did not record it until Nov. 3, following, which was after the attachment; that he made no entry of it in any book, and did not note the time of receiving the bill of sale until after the attachment, excepting on the back of it as before stated; and that the plaintiff did not request him to take charge of or record the mortgage, and did not pay him his recording fee. The hay remained in the possession of Harrington until it was attached.

On this point, for there were several other questions raised at the trial, the Judge instructed the jury, that for the purposes of that trial, they must regard the record of the mortgage as having been legally and properly made on July 23, 1841, the record showing that it was left with the town clerk on that day, and an entry having been made to that effect; that if the bill of sale was fairly made and executed between the parties, and the same was left with the clerk as a perfect contract by the direction of the plaintiff, and was free from fraud, all the rights claimed by the plaintiff were protected by it, as much as if it had been extended upon the record.

This case was argued on *Monday*, when the law required the Court in the county of Lincoln to be holden on that day, before the Reporter arrived. The briefs of the counsel were intended to have been handed to the Reporter, but he has not received them.

*E. Smith*, for the plaintiff.

*Ruggles*, for the defendant.

The opinion of the majority of the Court, TENNEY J. dissenting, was drawn up by

WHITMAN C. J. — The Revised Statute, c. 125, § 32 and 33, requires that all mortgages of personal estate, made as collateral security for any debt, exceeding thirty dollars in amount, shall be recorded in the clerk's office of the town where the

mortgagor resides, unless accompanied with actual possession by the mortgagee; and, unless so recorded, that the same shall be void, except as between the parties thereto. The defendant is an attaching officer, and as such represents the interest of a creditor of the mortgagor in this case; and, unless the mortgage was duly recorded at the time he made his attachment, he has a right to retain the property against the plaintiff, the mortgagee. The mortgage was not in fact extended upon the record at that time. The statute, however, provides, that "it shall be considered as recorded when left as aforesaid with the clerk." The question in this case is, what do the words "left as aforesaid" refer to? The words immediately preceding are, that "the clerk, on payment of his fees, shall record all such mortgages," "in a book kept for that purpose, noting in the book, and on the mortgage, the time when the same was received." No doubt is entertained, that in order to be considered as recorded, the time when received must be noted on the mortgage. That was done in this case; but it was not noted "in the book" at the time of the attachment. Was this necessary also to authorize the mortgage to be considered as recorded? It is contended that it was not. In cases of mortgages of real estate, no provision is made, other than what is contained in reference to all deeds left to be recorded. Rev. Stat. c. 11, § 17, requires, that the register, at the time of receiving any deed to be recorded, "shall make a memorandum thereon of the day, and the time of the day, when it was received and filed;" after which it is to be considered as recorded. When the legislature, in reference to personal estate, superadded to the noting on the mortgage, the noting of the same in the book, did they not mean that these should be simultaneous acts? What was the object of this noting in either case? It must have been to enable persons, not parties to the deed, to ascertain when the property, purporting to have been conveyed, actually passed to the vendee. At least this must have been one object in view; and the noting in the book was much better calculated to subserve this purpose, than the mere noting, upon the mortgage, of the same circumstance.

Individuals applying to ascertain if their debtors had conveyed away their property would naturally look to the record; and as the law provides for noting "in the book," viz. the book of records, if no record was made, recourse would be had to the noting "in the book;" and, if no such noting or record of a conveyance were found, the conclusion might well be, that none existed. The legislature has prescribed both of the notings, as it were, in the same breath; and this would seem to indicate, that they were to be simultaneous. Again, if it had been otherwise intended, it is somewhat remarkable, if they intended that one of them should be made at the time of leaving the instrument with the clerk, as it is conceded was the case, and that the other need not be done till some future period, that it should not have been so expressed. It is true that the phraseology used would, if no recourse were had to other parts of the act, seem to imply, that the recording and notings were all to be done at the same time; but the words "when left as aforesaid," would seem clearly to show, that it was not so intended, as what was referred to was to be in place of the recording, and a substitute for it; and besides, we can have no authority for saying, that either of the notings prescribed was to be a substitute for the actual recording, more than the other. A majority of the Court, therefore, are of opinion, that both must be regarded as requisite for the purpose.

*Exceptions sustained and a new trial granted.*